McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

Attorneys for Respondents

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kulbri Singh BRAR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Michael CHERTOFF, Department of<br>Homeland Security, et al.<br><br>　　　　Respondents. | CV 05-F-0987 AWI SMS<br><br><br><br>**JOINT STIPULATION AND ORDER** |

　　　　Petitioner and respondents hereby stipulate that the above-captioned case be remanded to United States Citizenship and Immigration Services (CIS) for the purpose of adjudication of petitioner's naturalization application.

　　　　On August 1, 2005, petitioner filed a Complaint for Declaratory Judgment of Naturalization under 8 U.S.C. § 1447(b) & 1421(c). Petitioner asks this Court to adjudicate his Form N-400 Application for Naturalization. This Court has jurisdiction over this action pursuant to 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Under the statute, the Court has two options: to "determine the matter" or to

"remand the matter, with appropriate instructions, to the Service to determine the matter." *See United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004).

In the instant case, the Fresno branch office of CIS received from Washington, D.C., the completed name check report on September 21, 2005 from the Federal Bureau of Investigations. The return of the name check report enables CIS to now complete the process of administrative adjudication of petitioner's application, including the oath and presentation of certificate of naturalization. In the event CIS does not adjudicate the application within 45 days of the order of remand, jurisdiction would revert to the district court to determine the matter per 8 U.S.C. § 1447(b). A remand would not preclude the filing of a subsequent district court action by petitioner in the event that CIS should deny the application. *See* 8 U.S.C. § 1421(c).

Dated: September 29, 2005        Respectfully Submitted,

McGREGOR W. SCOTT
United States Attorney

By:    /s/ Audrey B. Hemesath
Audrey B. Hemesath
Assistant U.S. Attorney

/s/ James Makasian
2300 Tulare Street, Suite 250
Fresno, CA 93721

2

1 ORDER

2 Pursuant to this Joint Stipulation and for the reasons stated therein, IT IS HEREBY ORDERED that the petition be REMANDED to Citizenship and Immigration Services with instructions to adjudicate the Application within forty-five (45) days of the Order of Remand. The Court DISMISSES petitioner's action without prejudice. Each party shall bear its own costs, fees and expenses.

IT IS SO ORDERED.

**Dated:   September 30, 2005**              /s/ Anthony W. Ishii
0m8i78                                       UNITED STATES DISTRICT JUDGE